**EXHIBIT A**

**SUM-100**

## ..._MONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SYNCHRONY BANK, and DOES 1 through 10,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RUBESTINE STEVENSON,

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 15 2017

Sherri R Carter, Executive Officer/Clerk
By Nancy Alvarez, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse

111 N. Hill Street
Los Angeles, CA 90012

| CASE NUMBER:<br>*(Número del Caso):* |
|---|
| **17K02130** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
L. Paul Mankin (SBN 264038) 4655 Cass Street, Suite 112, San Diego, CA 92109 (800) 219-3577.

| DATE:<br>*(Fecha)* FEB 15 2017. | Clerk, by<br>*(Secretaria)* _____ C. | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Synchrony Bank

   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1  L. Paul Mankin (SBN 264038)
2  The Law Office of L. Paul Mankin
   4655 Cass St., Ste. 112
3  San Diego, Ca 92109
   800-219-3577
4  323-207-3885
   pmankin@paulmankin.com
5  Attorney for Plaintiff

FILED
Superior Court of California
County of Los Angeles

FEB 15 2017

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
      Nancy Alvarez

6
7                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
8                     **COUNTY OF LOS ANGELES**
                      **LIMITED JURISDICTION**
9

10                                                    **17K02130**

   RUBESTINE STEVENSON,              )  Case No.
11                                   )
12  Plaintiff,                       )  **COMPLAINT FOR DAMAGES**
                                     )
13    vs.                            )  **(Amount not to exceed $10,000)**
                                     )
14  SYNCHRONY BANK, and DOES 1       )  **1. VIOLATIONS OF THE**
15  through 10,                      )     **ROSENTHAL FAIR DEBT**
                                     )     **COLLECTION PRACTICES ACT**
16  Defendant.                       )     **[CAL. CIV. CODE § 1788]**
                                     )
17                                   )  **2. VIOLATIONS OF THE TELEPHONE**
18                                   )     **CONSUMER PROTECTION ACT [47**
                                     )     **U.S.C. § 227]**
19
20
21
22                      **I. INTRODUCTION**
23      1.    Rubestine Stevenson ("Plaintiff") brings this action to secure redress from
24  Synchrony Bank ("Defendant") for violations of the Rosenthal Fair Debt Collection Practices
25  Act [CAL. CIV. CODE § 1788] and for violations of the Telephone Consumer Protection Act
26  [47 U.S.C. § 227].
27
28

                          Complaint - 1

## II. PARTIES

2.     Plaintiff, Rubestine Stevenson ("Plaintiff"), is a natural person residing in Riverside County in the State of California, and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3.     At all relevant times herein, Defendant, Synchrony Bank ("Defendant"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the RFDCPA, Cal Civ Code §1788.2(c).

## III. FACTUAL ALLEGATIONS

4.     At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

5.     Defendant has regularly placed calls to Plaintiff in its attempt to collect the alleged debt via Plaintiff's telephone number ending in -0443.

6.     Within one year prior to the filing of this action, Defendant caused Plaintiff's telephone to ring repeatedly and continuously to annoy Plaintiff.  Defendant communicated with Plaintiff with such frequency as to be unreasonable under the circumstances and to constitute harassment.  The frequency and pattern of Defendant's telephone calls to Plaintiff evidences Defendant's intent to harass Plaintiff.

7.     As an illustrative example, Defendant attempted to contact Plaintiff five times on January 23, 2017 at 8:26 am, 10:41 am, 12:30 pm, 1:32 pm, and 1:33 pm.

8.     Plaintiff, on several occasions, demanded that Defendant cease calling her. Despite her demands, Defendant continued to contact Plaintiff at a harassing pace.

9.     The natural and probable consequences of Defendant's conduct in contacting Plaintiff were to harass, oppress or abuse Plaintiff in connection with the collection of the alleged debt.

10.     At all times relevant to this action, while conducting business in California, Defendant has been subject to, and required to abide by, the laws of the United States, which

1   included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 ("TCPA
2   Regulations"), as well as the opinions, regulations and orders issued by the courts and the FCC
3   implementing, interpreting and enforcing the TCPA and the TCPA regulations.

4       11.     At all times relevant to this action, Defendant owned, operated and or controlled
5   an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that
6   originated, routed and/or terminated telecommunications.

7       12.     Within four years prior to the filing of this action, specifically on or around
8   September of 2016, Defendant called Plaintiff at Plaintiff's cellular telephone number multiple
9   times using an artificial prerecorded voice or using equipment which has the capacity to store
10   or produce telephone numbers to be called, using random or sequential number generator and
11   to dial such numbers, also known as an "automatic telephone dialing system" as defined by
12   TCPA 47 U.S.C. § 227(a)(1)(A) and (B).   The frequency of the telephone calls placed to
13   Plaintiff's cellular telephone number indicate the use of an "automatic telephone dialing
14   system."

15      13.     Defendant never received Plaintiff's consent to call Plaintiff on Plaintiff's
16   cellular telephone, to the extent it ever existed, using an "automatic telephone dialing system"
17   or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

18      14.     Even assuming arguendo that Defendant did have consent to call Plaintiff on
19   Plaintiff's cellular telephone using an ATDS, that consent was subsequently revoked by
20   Plaintiff.

21      15.     At no time have Plaintiff and Defendant had an "established business
22   relationship" as defined by 47 U.S.C. § 227(a)(2).

23      16.     Defendant is not a tax-exempt nonprofit organization.

24      17.     Defendant's violation of the TCPA was willful.   Defendant's violation of the
25   TCPA was willful because Plaintiff requested that Defendant cease calling Plaintiff.

26      18.     Defendant's conduct violated the RFDCPA in multiple ways, including but not
27   limited to:

28          a)   Causing a telephone to ring repeatedly or continuously to annoy the person
                 called (§ 1788.11(d));

b) Communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute harassment to the debtor under the circumstances. ((§ 1788.11(e));

c) Attempting to collect a debt not legally owed (§ 1692(e)(2));

d) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§ 1692d); and

e) Causing Plaintiff's phone to ring or engaging in telephone conversations repeatedly ((§ 1692d(5)).

19.     As a result of the above violations of the RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

<h3 style="text-align:center">COUNT I: VIOLATION OF ROSENTHAL<br>FAIR DEBT COLLECTION PRACTICES ACT</h3>

20.     Plaintiff reincorporates by reference all of the preceding paragraphs.

21.     § 1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. § 1692d, and § 1692d(5).

22.     To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

<h3 style="text-align:center">COUNT II: VIOLATION OF<br>TCPA, 47 U.S.C. § 227</h3>

23.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24.     Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

Complaint - 4

a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

25. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

26. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

a) An injunction prohibiting Defendant from contacting Plaintiff on Plaintiff's cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A); and

b) Actual damages pursuant to CAL. CIV. CODE § 1788.30(a); and

1   c) As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff is
2      entitled to and requests five hundred dollars ($500.00) in statutory damages, for
3      each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

4   d)  As a result of Defendant's willful and/or knowing violations of 47 U.S.C. §
5      227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by
6      statute, up to one thousand five hundred dollars ($1,500.00), for each and every
7      violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);
8      and

9   e) Statutory damages pursuant to CAL. CIV. CODE § 1788.30(b); and

10  f) Costs and reasonable attorney's fees pursuant to CAL. CIV. CODE § 1788.30(c);
11     and

12  g) Awarding Plaintiff any pre-judgment and post-judgment interest as may be
13     allowed under the law; and

14  h) For such other and further relief as the Court may deem just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this January 31, 2017

By: _____

L. Paul Mankin IV, Esq.
The Law Office of L. Paul Mankin
Attorney for Plaintiff